**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

MARTIN H. TONN,

Plaintiff,

vs.

UNITED STATES OF AMERICA,

Defendant.

Civil No. 01-1076 DDA/SRN

**ORDER ON MOTION FOR SUMMARY JUDGMENT AND ON MOTION FOR PERMANENT INJUNCTION**

---

MARTIN H. TONN, Plaintiff pro se.

CARL J. TIERNEY, U.S. Department of Justice, for Defendant United States of America.

---

This case represents Plaintiff Martin Tonn's ("Tonn") fifth attempt to assert claims against the United States arising from an Internal Revenue Service (IRS) investigation of Tonn's business ventures. The United States has moved for summary judgment[1] arguing, inter alia, that res judicata bars all the claims in the present case. The United States also has moved for an injunction permanently barring Tonn from filing later cases involving the same subject matter as this and the prior four cases. Summary judgment is appropriate if no genuine issue of material fact exists and if the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. For the reasons stated in this Order, the Court will grant the motion for summary judgment and the motion for a permanent injunction[2].

The facts pertinent to the United States' motions are undisputed. In the early 1980s, Tonn

---

[1] The United States has moved in the alternative to dismiss Tonn's Complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim. Because the parties have submitted materials outside the pleadings for the Court's consideration, the Court will treat the motion as one for summary judgment.

[2] The Court has considered and resolved these motions without oral argument in accordance with Fed.R.Civ.P. 78.

FILED NOV 16 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD NOV 16 2001
DEPUTY CLERK

was involved in promoting businesses devoted to the development and manufacture of alternative energy sources. The IRS began an audit of certain limited partnerships associated with Tonn in 1985. The IRS seized the assets of the limited partnerships and related entities in 1987, and Tonn's alternative energy business then ended its operations. Some of the limited partners challenged the IRS's actions[3] through the IRS's administrative appeals process and in the United States Tax Court. The Tax Court in 1992 eventually decided the matter in favor of the IRS, and following that decision the limited partners settled on the terms the IRS proposed.

Tonn filed the first federal action related to this case in 1993. In that action, Tonn asserted various common law tort claims against individual IRS officers and asserted a Bivens claim against the IRS based on alleged violations of Tonn's Fifth Amendment due process rights. The district court granted the United States' motion to dismiss, holding that no Bivens claim existed on these facts or, in the alternative, that the IRS agents were entitled to qualified immunity. Tonn v. United States, 847 F.Supp. 711 (D. Minn. 1993), aff'd, 27 F.3d 1356 (8th Cir. 1994) (per curiam), cert. denied, 513 U.S. 1153 (1995). Tonn's common law claims were dismissed without prejudice. Tonn filed a second action in 1995, this time seeking recovery solely against the United States. The district court dismissed that action for want of subject matter jurisdiction, holding that the United States had not waived its sovereign immunity with respect to any of the claims Tonn alleged. Tonn v. United States, Civ. No. 95-1168, 1996 WL 511700 (D. Minn. Jun. 3, 1996), aff'd, 108 F.3d 1382 (8th Cir. 1997) (unpublished table decision). The district court dismissed Tonn's third action, which included a claim for the wrongful death of one of Tonn's friends, on the ground of sovereign immunity as well. Tonn v. United States, Civ. No. 97-1132 (D. Minn. Sept. 10, 1998). Tonn later filed a fourth action which was substantively identical to the third. Although Tonn argued that the dismissal of the third action on jurisdictional grounds was erroneous, the district court concluded that the earlier determination of subject matter jurisdiction had res judicata effect and dismissed the

---

[3] The IRS also sought to impose tax penalties upon Tonn individually for promotion of abusive tax shelters. The IRS abated those penalties following a hearing in 1993, and those penalties are not at issue in this case.

fourth action for that reason. Tonn v. United States, Civ. No. 99-275 (D. Minn. Jun. 28, 1999), aff'd, 210 F.3d 379 (8th Cir. 2000) (unpublished table decision), cert. denied, 531 U.S. 1151 (2001).

A careful review of Tonn's Complaint reveals that this fifth action involves no new factual allegations pertinent to subject matter jurisdiction and no new substantive claims for relief. Because principles of res judicata apply to jurisdictional questions as well as to determinations on the merits, Durfee v. Duke, 375 U.S. 106, 114 (1963), Tonn may not relitigate the jurisdictional issue decided against him in the third and fourth actions. Tonn is bound by the holding in the third and fourth cases that no subject matter jurisdiction exists over Tonn's Complaint, and the Court accordingly will dismiss Tonn's Complaint in this case without prejudice.

After defending against five versions of essentially the same lawsuit, the United States also seeks a permanent injunction forbidding Tonn from commencing any future actions involving the same subject matter. The record shows, and the Court finds, that this case in some form has been before a federal district court at least five times, before the Eighth Circuit three times, and before the United States Supreme Court on petition for certiorari twice. Attorneys representing the United States have spent several hundred hours preparing defenses in those cases. A permanent injunction is an appropriate means of preventing a party from pursuing repetitious and vexatious litigation, In re Martin-Trigona, 763 F.2d 140, 142 (2d Cir. 1985), cert. denied, 474 U.S. 1061 (1986), and Tonn has demonstrated an inability to accept a final resolution of the matters at issue here. The Court therefore will issue an injunction forbidding Tonn from filing similar cases without prior leave.

For the foregoing reasons, the Court makes the following

**ORDER**

1. The United States' motion for summary judgment is GRANTED. The Court does not have subject matter jurisdiction over the claims Tonn asserts, and those claims accordingly are DISMISSED without prejudice.

2. The United States' motion for a permanent injunction is GRANTED. An injunction shall issue forthwith in the form attached without the filing of security therefor.

Dated: November 16, 2001

DONALD D. ALSOP, Senior Judge
United States District Court

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

MARTIN H. TONN, Civil No. 01-1076 DDA/SRN

Plaintiff,

vs. **PERMANENT INJUNCTION**

UNITED STATES OF AMERICA,

Defendant.

---

Plaintiff Martin H. Tonn, along with his officers, agents, servants, employees, and attorneys, is hereby PERMANENTLY ENJOINED from filing any action in this Court against the United States, the Internal Revenue Service, or its agents relating to matters raised in Tonn v. United States, 847 F.Supp. 711 (D. Minn. 1993), aff'd, 27 F.3d 1356 (8th Cir. 1994) (per curiam), cert. denied, 513 U.S. 1153 (1995); Tonn v. United States, Civ. No. 95-1168, 1996 WL 511700 (D. Minn. Jun. 3, 1996), aff'd, 108 F.3d 1382 (8th Cir. 1997) (unpublished table decision); Tonn v. United States, Civ. No. 97-1132 (D. Minn. Sept. 10, 1998); Tonn v. United States, Civ. No. 99-275 (D. Minn. Jun. 28, 1999), aff'd, 210 F.3d 379 (8th Cir. 2000) (unpublished table decision), cert. denied, 531 U.S. 1151 (2001); or in the above-entitled case without first obtaining leave from a judge or magistrate judge of this Court.

Dated: November ____, 2001

______________________________

DONALD D. ALSOP, Senior District Judge
United States District Court